Cedric Ross JORDAN, aka Nathan Mapp, Plaintiff—Appellant,

v.

RADUENZ, Correctional Officer II, sued in his individual and official capacity; et al., Defendants—Appellees.

No. 03–15646.

D.C. No. CV–01–02398–MHM.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 12, 2004.*

Decided Jan. 20, 2004.

Cedric Ross Jordan, pro se, Phoenix, AZ, for Plaintiff–Appellant.

Kelley J. Morrissey, AGAZ—Office of the Arizona Attorney General, Phoenix, AZ, for Defendants–Appellees.

Before BEEZER, HALL and SILVERMAN, Circuit Judges.

## MEMORANDUM**

Cedric Ross Jordan, an Arizona state prisoner, appeals from the district court's summary judgment dismissing his 42

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

U.S.C. § 1983 action for failure to exhaust administrative remedies under the Prisoner Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). We have jurisdiction pursuant to 28 U.S.C. § 1291. We review a grant of summary judgment de novo. *Western States Medical Center v. Shalala,* 238 F.3d 1090, 1093 (9th Cir.2001). We vacate and remand for entry of judgment without prejudice.

On September 3, 2000, Jordan filed a grievance claiming that two correction officers placed his life in danger when they conspired to leave him in a humid shower stall for two hours. On September 15, 2000, Jordan was released from prison on community-supervised release. On October 5, 2000, the grievance coordinator issued a decision on the grievance. On October 6, 2000, Jordan was returned to the custody of the Arizona Department of Corrections ("ADC").

The ADC's inmate grievance system provides that the expiration of the time limit at any level in the process entitles the inmate to proceed to the next review level. Although it is not clear whether Jordan ever received the grievance coordinator's October 5, 2000 decision, it is undisputed that Jordan at no time filed an appeal to the Director, which was a remaining administrative remedy under the ADC's inmate grievance system.

On appeal, Jordan contends that ADC should have raised their failure to exhaust contention in a motion to dismiss pursuant to Fed.R.Civ.P. 12(b) instead of in a motion for summary judgment.

Although the district court properly determined that Jordan has not exhausted his administrative remedies, pursuant to *Wyatt v. Terhune,* 315 F.3d 1108, 1119–

---

1120 (9th Cir.2003), the proper remedy is dismissal of the claim without prejudice. Accordingly, we vacate the district court's judgment and remand for entry of judgment dismissing the action without prejudice.

**VACATED AND REMANDED FOR ENTRY OF JUDGMENT OF DISMISSAL WITHOUT PREJUDICE**